**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

Zhour Elotmani,

        Plaintiff,

    v.

Sunrise Credit Services, Inc.; and DOES 1-5,
inclusive,

        Defendants.

Civil Action No.: _____

**CV 12- 3756**

## COMPLAINT

Plaintiff, Zhour Elotmani, seeks redress for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq., and the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq., by the Defendants and their agents in their illegal efforts to collect a consumer debt. Plaintiff, by way of this Complaint, states as follows:

### JURISDICTION AND VENUE

1.    This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA"). Pursuant to 15 U.S.C. § 1692k(d), this Court has jurisdiction over actions arising out of violations of the FDCPA.

2.    Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims in this action, as all such claims arise out of the same case or controversy that is described herein.

1

3.      Pursuant to 28 U.S.C. § 1391(b), venue is proper in this District, as Defendants transact business in this District and a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

4.      The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

5.      The Plaintiff, Zhour Elotmani ("Plaintiff"), is an adult individual residing in Queens, New York, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

6.      Defendant Sunrise Credit Services, Inc. ("Sunrise Credit"), is a New York domestic business corporation with a principal executive office located at 260 Airport Plaza, Farmingdale, NY 11735-3946. Sunrise Credit operates as a collection agency and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

7.      DOES 1-5 (the "Collectors") are individuals employed by Sunrise Credit, whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

8.      At all times, Sunrise Credit acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

9.      The Plaintiff allegedly incurred a financial obligation in the approximate amount of $401.61 (the "Debt") to T-Mobile (the "Creditor").

10.     The alleged Debt arose from services provided by the Creditor which were primarily for family, personal, or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

2

11.     The alleged Debt was purchased, assigned, or transferred to Sunrise Credit for collection, or Sunrise Credit was employed by the Creditor to collect the alleged Debt.

12.     The Defendants attempt to collect the alleged Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

## A.  Sunrise Credit Engages in Harassment and Abuse

13.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14.     The Plaintiff has been receiving continuous calls from the Defendants from approximately May 2012.

15.     The Defendants engaged in communications the purpose of which was to collect a debt.

16.     Upon information and belief, the aforementioned calls were made by agents of Sunrise Credit (hereinafter "Collections Agent(s)").

17.     Upon information and belief, between May, 2012 and June, 2012, the Defendants made numerous calls from an automatic telephone dialing system to the Plaintiff's cellular phone.

18.     The Plaintiff, who has had to pay cellular charges for the above-mentioned calls, had never given permission or consented to the calls that were made to her cellular phone by the Defendants.

19.     The Plaintiff received a call from the Defendants on her cellular phone on May 8, 2012, at 11:12 PM (one of many calls).  The Plaintiff explained that the amount had already been paid to T-Mobile and orally stated that the Defendants should verify that their records of the Debt are correct.

3

20.    In approximately the first or second week of May, the Plaintiff faxed paperwork to the Defendants which detailed payments to T-Mobile. The Plaintiff faxed these records as a good faith effort to show the Defendants that the bill was paid and their records were incorrect.

21.    The Plaintiff received several additional calls from the Defendants after faxing the Defendants bill payment records, whereupon the Plaintiff again explained that the amount was paid to T-Mobile.

22.    From one call to the next, the Defendants repeatedly changed their stated claim of the amount owed.  During one call, the Defendants alleged that the Plaintiff owed $500.00; and in another call, the Defendants alleged the Plaintiff owed $800.00.

23.    After speaking with the Plaintiff several times, the Defendants called the Plaintiff's daughter, Ilham Jaoui.

24.    The Defendants called Plaintiff's daughter after ascertaining location and contact information of the Plaintiff.

25.    The Defendants called the Plaintiff's daughter after speaking with the Plaintiff several times.

26.    The Defendants spoke with the Plaintiff's daughter about the Plaintiff's alleged Debt.

27.    The Defendants made the above-mentioned call to the Plaintiff's daughter solely for the purpose of harassing and embarrassing the Plaintiff.

28.    The Plaintiff works as a home care services provider.  On June 27, 2012, at 6:37 PM, the Defendants called the Plaintiff's employer at the following number: 1-860-642-7986.

29.    The Defendants called Plaintiff's employer after ascertaining location and contact information of the Plaintiff.

4

30.     The Defendants called the Plaintiff's employer after speaking with the Plaintiff several times.

31.     The Defendants spoke with the Plaintiff's employer about the Plaintiff's alleged Debt.

32.     The Defendants made the above-mentioned call to the Plaintiff's daughter solely for the purpose of harassing and embarrassing the Plaintiff.

33.     The Defendants placed called the Plaintiff's cellular phone on June 19, 2012, at 3:50 PM, 3:51 PM, and 3:53 PM.  The next day, the Defendants placed called the Plaintiff's cellular phone on June 20, 2012, at approximately 4:11 PM, and then again at 4:32 PM.

34.     These successive and repeated calls were placed solely for the purpose of harassing and threatening the Plaintiff.

35.     In regards to all calls placed directly to the Plaintiff by the Defendants, the Defendants frequently changed their company identification.  During some calls, the Collections Agents said that they were calling from Sunrise Credit; during other calls, the Collections Agents said that they were calling from ACA.

36.     In May, 2012, the Plaintiff received a letter from Sunrise Credit.  This was the first and only letter received by the Plaintiff from Sunrise Credit.

37.     At the center of the above-mentioned letter, right below the sender and recipient addresses, was the following header:

**"USE YOUR "TAX REFUND" TO CLEAR UP THIS DEBT**
**CALL US. WE ARE HAPPY TO HELP!"**

38.     Below this header was the Plaintiff's name "DEAR ZHOUR ELOTMANI" followed by "WHEN YOU RECEIVE A COLLECTION NOTICE" followed by several general statements about debt collection.

5

39.     On the reverse side of the letter, there was the following statement "UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THE DEBT IS VALID......"

40.     In entitled their letter with information about a 'TAX REFUND," Sunrise Credit willfully and/or negligently confused and mislead the Plaintiff about the nature of the letter.

41.     Upon receiving this letter, the Plaintiff was confused about why "TAX REFUND" was mentioned in a collections letter.

42.     In placing verification language on the reverse of the letter, Sunrise Credit willfully and/or negligently concealed, confused, and/or mislead the Plaintiff her right to verify the Debt.

**B. <u>Plaintiff Suffered Actual Damages</u>**

43.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

45.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

46.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

47.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48.     The Defendants' conduct violated 15 U.S.C. § 1692b(3) and 15 U.S.C. § 1692b(5) in that Defendants contacted third parties after location information was already ascertained.

49.     The Defendants' conduct violated 15 U.S.C. § 1692c(b) by communicating with third parties without permission after already speaking with the consumer and ascertaining location information.

50.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(3) by communicating with an employer without permission after already speaking with the consumer and ascertaining location information.

51.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

52.     The Defendants' conduct violated 15 U.S.C. § 1692j in that Defendants furnished the Plaintiff with a deceptive collection letter.

53.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in conduct the natural consequence of which was to harass, oppress, and abuse the Plaintiff.

54.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) by causing a telephone to ring repeatedly and continuously with intent to annoy, abuse, and harass the Plaintiff.

55.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that the Defendants attempted to communicate with the Plaintiff at her workplace and relative's home, which were inconvenient places.

56.     The Defendants' conduct violated 15 U.S.C. § 1692e(2)(A) by falsely misrepresenting the amount of the Debt.

57.     The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants attempted to collect an amount greater than the amount of the alleged Debt.

58.     The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Plaintiff requested that Defendants verify the alleged Debt, and Defendants did not verify the alleged Debt.

59.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

60.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227, et seq.

61.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

62.     To communicate with and contact the Plaintiff, the Defendants' used an automatic dialing system, which is defined in 47 U.S.C. § 227(a)(1) as equipment that has the capacity dial and "to store or produce numbers to be called, using a random or sequential number generator."

63.     The Defendants' conduct violated 47 U.S.C. § 227(b)(1)(A)(iii) in that Defendants used an automatic dialing system (repeatedly and continuously) to call Plaintiff's cellular phone without Plaintiff's permission.

64.     The foregoing act and omission of the Defendants constitute numerous and multiple violations of the TCPA.

65.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

8

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages including, but not limited to, the emotional distress the Plaintiff has suffered and continues to suffer as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. The greater of actual monetary loss or $500.00 (for each call placed in violation of the TCPA), pursuant to 47 U.S.C. §227(c)(5).

4. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

5. Such other and further relief that the Court may deem just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated:  June 21, 2012

Respectfully submitted,

By: _____

Hashim Rahman, Esq.

Rahman Legal
155 Water Street
Brooklyn, NY 11201
hrahman@rahmanlegal.com
Phone: (347) 433-6139
Fax:    (347) 382-9457